UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80580-CV-SMITH/MATTHEWMAN

ALBERTO LEAL, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.

VAN DELL JEWELERS OF ROYAL
PALM BEACH, INC.,

    Defendant.

_____/

FILED BY _____ D.C.

AUG 26 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION [DE 29]

**THIS CAUSE** is before the Court upon Plaintiff, Alberto Leal's ("Plaintiff") Motion to Compel Responses to Plaintiff's Interrogatories and Request for Production ("Motion") [DE 29]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 24. On August 19, 2019, the Court entered an Order to Show Cause to Defendant and Defendant's Counsel [DE 31]. On August 22, 2019, Defendant filed a Response to Order to Show Cause [DE 33]. Plaintiff then filed a Reply to Order to Show Cause [DE 34], and, finally, with permission of the Court, Defendant filed a Sur-Reply to Plaintiff's Reply to Defendant's Response to Order to Show Cause [DE 37].

### I.    BACKGROUND

This discovery dispute concerns Defendant's dilatory discovery behavior in this case. As any party is authorized to do under the applicable rules, Plaintiff served his written discovery upon

1

Defendant on June 19, 2019. [DE 29, p. 1]. Now, approximately nine weeks later, Defendant has yet to produce full and complete discovery responses to Plaintiff's discovery requests.

The Court has carefully reviewed Plaintiff's Motion [DE 29] and each of the related filings. Defendant has been dilatory in responding to discovery in this case. On July 26, 2019, the Court granted Defendant an extension until August 8, 2019, to fully respond to Plaintiff's Requests for Production and Interrogatories. [DE 27]. That date came and went, and Defendant failed to produce the discovery as ordered.

On August 19, 2019, Plaintiff was therefore forced to file a Motion to Compel Responses to Plaintiff's Interrogatories and Request for Production [DE 29]. Upon review of Plaintiff's Motion, the Court entered an Order to Show Cause directed to Defendant and Defendant's counsel [DE 29].

On August 22, 2019, Defendant filed a response to the Order to Show Cause which failed to establish good cause for its dilatory conduct. [DE 33]. In effect, Defendant's rationale for not timely producing the discovery sought by Plaintiff sounded more like a series of excuses akin to "the dog ate my homework." Moreover, in paragraph 11 of the response, Defendant stated that it "has since served Plaintiff with its responses to Plaintiff's interrogatories and requests for production." [DE 33, p. 3]. Upon reading Defendant's response, and especially paragraph 11 of Defendant's response, the Court was led to believe by Defendant and Defendant's counsel that all outstanding discovery had been served on Plaintiff's counsel.

However, on August 23, 2019, Plaintiff filed a reply [DE 34], in which Plaintiff advised the Court that Defendant had still not produced any documents or electronically stored information. [DE 34, p. 1]. Moreover, when Plaintiff's counsel attempted to confer with Defendant's counsel on

the issues, Defendant's counsel ignored him. *Id.* at pp. 1-2.

On August 23, 2019, after receiving leave of the Court, Defendant filed a sur-reply [DE 37]. Defendant explained that Melissa M. Sims, Esq., is the lead attorney and is "responsible for the events that have transpired." *Id.* at p. 1. According to Defendant, upon receipt of Plaintiff's reply, Ms. Sims called Plaintiff's counsel to apologize for the unreturned calls and to discuss the production of documents. *Id.* The parties have agreed to a document production date of August 30, 2019, because the employee with access to the records is on vacation through August 27, 2019. *Id.* at pp. 1-2.

Thus, even after numerous motions, responses, replies, and Orders, Defendant has yet to produce the discovery sought by Plaintiff.

## II.     ANALYSIS

The Court has had enough of Defendant's dilatory conduct. The Court is also extremely concerned about the misleading representation made by Defendant's counsel, Melissa M. Sims, Esq., and the law firm of Berk, Merchant & Sims, PLC, that all discovery had been produced when it had not been produced. *See* DE 33, p. 3; DE 34, p. 1. In fact, in Defendant's sur-reply, it admitted that it had not yet produced all relevant documents. [DE 37, pp. 1-2]. The Court is further frustrated by Defendant's counsel's failure to confer as required by our Local Rules and this Court's Order Setting Discovery Procedure [DE 25]. Not until Plaintiff filed his reply did Defendant's counsel return Plaintiff's counsel's phone calls about discovery. [DE 37, p. 1].

Based on the foregoing, Plaintiff's Motion [DE 29] is **GRANTED**. Defendant is ORDERED to produce all discovery sought by Plaintiff in its Interrogatories and Requests for Production on or before **Friday, August 30, 2019**. The Court finds that due to Defendant's

3

dilatory conduct, all objections to the Interrogatories and Requests for Production are deemed waived pursuant to Federal Rule of Civil Procedure 33(b)(4) and Local Rule 26.1(e) as Plaintiff has not established good cause for failing to timely object to the discovery requests. *See Turner v. Trans Union, LLC*, No. 18-CV-80938, 2019 WL 2709000, at *1 (S.D. Fla. June 21, 2019) (citing *Kennedy v. Batmasian*, No. Case No., 15-81353-CIV, 2016 WL 824571, at *2 (S.D. Fla. Feb. 26, 2016)) ("Failure to timely object to discovery requests waives a party's objections to the requests unless good cause has been shown."). Should Defendant fail to comply with this Order, the Court will schedule a hearing on further sanctions and possible contempt.

Finally, Rule 37(a)(5)(A) provides that, if a motion to compel discovery is granted, the Court must require the party whose conduct necessitated the motion or the attorney advising that conduct, or both, to pay the movant's reasonable fees in making the motion unless (1) the movant filed the motion before attempting in good faith to obtain the discovery with court action, (2) the opposing party's response or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). The Court finds that, under the facts of this case and because none of the exceptions apply, both Defendant and Defendant's counsel shall be required to pay Plaintiff's attorney's fees and costs incurred in drafting the Motion [DE 29], in drafting Plaintiff's Reply to Order to Show Cause [DE 34], and in reviewing Defendant's responses and the Court's Orders related to this dispute.

### III. CONCLUSION

Based on the forgoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Compel Responses to Plaintiff's Interrogatories and Request for Production [DE 29] is **GRANTED.** Defendant is **ORDERED** to provide complete

responses and produce all responsive documents to Plaintiff's Interrogatories and Request for Production on or before **August 30, 2019.** Defendant has waived its objections to the discovery requests.

2. Failure to comply with this Order may result in additional sanctions, including but not limited to the striking of Defendant's pleadings, entry of judgment against Defendant, a further award of attorney's fees and costs, contempt, or other appropriate sanctions.

3. Plaintiff is entitled to an award of attorney's fees and costs as stated above against Defendant, Van Dell Jewelers of Royal Palm Beach, and Defendant's counsel, Melissa M. Sims, Esq. and the law firm of Berk, Merchant & Sims, PLC. In order to assist the Court in determining a reasonable award of attorney's fees and costs pursuant to this Order, Plaintiff shall file an appropriate affidavit with the Court on or before **September 6, 2019,** documenting all attorney's fees and costs incurred as a result of drafting its Motion [DE 29] and Reply [DE 34] and in reviewing Defendant's responses, replies, and this Court's Orders. The affidavit should include the amount of attorney's fees sought, hours expended, services rendered, and hourly rate sought. Defendant and Defendant's counsel shall have until on or before **September 13, 2019** to file a response or objections to the hourly rate claimed by Plaintiff's counsel and the number of hours incurred by Plaintiff's counsel. Thereafter, Plaintiff shall have until on or before **September 18, 2019** to file any reply to Defendant and Defendant's counsel's response. The Court will then determine the amount of reasonable attorney's fees and costs, which shall be paid by Defendant and Defendant's counsel to Plaintiff, and enter a further written Order.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of August, 2019.

*William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE